[See Cases Nos. 11,004 and 11,008.]

---

PERRY (STOVE–WORKS v.). See Case No. 13,511.

PERRY (THOMAS v.). See Case No. 13,908.

---

## Case No. 11,013.

### PERRY et al. v. BANGS.

[Betts' Scr. Bk. 139.]

District Court, S. D. New York. 1848.

CARRIERS OF FREIGHT—CONSTRUCTION OF BILL OF LADING—DELIVERY OF CARGO—QUANTITY—RECEIPT—EXTRANEOUS EVIDENCE.

[This was a libel by Theodore Perry & Co. against Elkanah Bangs for the nondelivery of certain goods.]

Before BETTS, District Judge.

Held, that the bill of lading of a cargo is only satisfied by the actual delivery of the cargo therein specified; but, as between the owner of the ship and the owner of the cargo, is not conclusive as to quantity of cargo, and may be explained by extraneous evidence. So, also, a written receipt acknowledging the delivery of the cargo may, as between same parties, be corrected by proof. Held, that the delivery in this case to a lighterman was a delivery to the owner of the cargo, and that the receipt of the lighterman of a full delivery was not conclusive of that fact, even if taken by him from the ship, on his own counting or weighing. Held, that the receipt in this case having been given by lighterman on count and report of the officers of the vessel alone, and its correctness not being supported by any

other evidence, the testimony on the part of the libellants is sufficient to show a mistake in that count, and a deficiency of three barrels of pork in the delivery. Held, that the action is maintainable in the name of the libellants: (1) They cannot at law retain the deduction of the value of the pork made by them out of the charges of the lighterman; he being answerable to them for no more cargo than he actually received, and can compel the payment of the sum so retained. (2) If the lighterman elects to pay the loss, to avoid controversy with his employers, he is, in admiralty, entitled to the benefits of their rights and remedies, and may maintain the action in their names or his own. The documents show the action is brought by the authority of the libellants. Decree for the libellants, $42, with interest from the commencement of the action, May 5, 1848, and summary costs.